UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60033-CIV-MARRA/JOHNSON

TERRI MILSAP, et al.

Plaintiffs

vs.

CORNERSTONE RESIDENTIAL
MANAGEMENT, INC., et al.

Defendants.
_____________________________/

**ORDER AND OPINION GRANTING MOTION TO STRIKE JURY DEMAND**

**THIS CAUSE** is before the Court upon Defendants' Motion to Strike Toolen's Jury Trial Demand [DE 127]. Having carefully considered the motion, the response, the reply, the lease agreement, and applicable law, this motion will be granted.

The Second Amended Complaint ("Complaint") alleges that Plaintiff Jennifer Toolen ("Toolen") entered into a lease agreement with Defendant Sanctuary Cove Associates, Ltd. on August 24, 2004 ("the Lease"). DE 133, ¶ 103. Toolen, a single mother with two children, moved into Sanctuary Cove on August 28, 2004. *Id*. She had initially requested a two bedroom but was told that, based on the couple and one heartbeat per room policy, she could only rent a three bedroom apartment. DE 133, ¶¶ 83, 103. She was promised housing at a monthly rate of $780, but was then forced to pay $880 per month for the three bedroom unit. DE 133, ¶ 103. She and her family presently reside at Sanctuary Cove. *Id.*

As the only Plaintiff who is a current resident of a Cornerstone Residential Management, Inc. ("CRM") managed affordable housing community, Toolen is the only Plaintiff who has standing to challenge the house rules delineated in paragraph 113 of

the Complaint ("no use of recreation, sports or hobby equipment by children in common areas" and "reasonable supervision must be exercised when children or adults who are not legally competent are outside the Resident Unit").

Paragraph 27 of the Lease is entitled, in bold capital letters, **WAIVER.** The last sentence of paragraph 27 states, "[t]he Resident hereby waives Resident's right to demand a jury trial in any cause of action arising between Landlord and Resident concerning this contract." This sentence is written in the same font as all the other paragraphs of the Lease. Defendants seek to enforce this waiver provision of the Lease. Toolen argues she should be exempt from paragraph 27's waiver provision because she did not knowingly or voluntarily waive her right to a jury trial, and even if she did, the waiver provision does not apply to the current cause of action.

Although the right to trial by jury is constitutionally protected, that right may knowingly and intentionally be waived. *Johnson v. Zerbst*, 304 U.S. 458 (1938); *National Equipment Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir. 1977). Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy. *McCarthy v. Wynne*, 126 F.2d 620, 623 (10th Cir.), *cert. denied,* 317 U.S. 640 (1942); *see Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986) (right to jury trial, although fundamental, may be knowingly and intentionally waived by contract); *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985) (considering it "clear that the parties to a contract may by prior written agreement waive the right to jury trial").

A court will enforce a contractual provision waiving the right to jury trial absent an indication that the party's consent was either involuntary or uninformed. *D.H. Overmyer*

*Co. v. Frick Co.*, 405 U.S. 174, 185-86 (1972); *Brookhart v. Janis*, 384 U.S. 1, 4 (1966); *N. Feldman & Son, Ltd. v. Checker Motors Corp.*, 572 F.Supp. 310, 313 (S.D.N.Y. 1893); *Leasing Service Corp. v. Crane,* 804 F.2d 828, 833 (4th Cir. 1986).

> Courts consider a number of factors when determining whether a contractual jury trial waiver was entered into knowingly, voluntarily, and intelligently. Those factors include: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel. Although the factors play an important role in the Court's decision-making process, they are not determinative. Put another way, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair.

*Allyn v. Western United Life Assur. Co.* 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004) (citation omitted).

Toolen claims that Defendants cannot meet their burden to demonstrate that her consent to the waiver provision was knowing and voluntary. She also argues that there was no equality in bargaining power between her, a single mother with two young daughters in immediate need of housing, and Defendant, a multi-million dollar, legally represented corporation. Toolen further asserts that the Lease is an adhesion contract in that it is given on a take-it or leave-it basis, leaving her with no ability to negotiate the terms. Finally, Toolen claims the waiver provision is buried in a sea of fine print, located in the middle of a six page contract and was never pointed out to her.

These arguments echo those made by another plaintiff in a similar case currently pending before the undersigned: *Head v. Cornerstone Residential Management, Inc. et al.*, Case No. 05-80280-Civ-Marra. That case involves another CRM managed

affordable housing community called Portofino Apartments. Mr. Head was a resident of Portofino Apartments and signed a lease agreement which contained an identical Waiver of Jury Trial provision. The same form lease agreement Mr. Head executed also is used by CRM at Sanctuary Cove Apartments. Like Toolen and her children, Mr. Head and his family brought suit under the Fair Housing Act for familial discrimination based on the same occupancy standards.

In *Head*, this Court found plaintiff's arguments regarding the alleged involuntariness of the consent to waiver, the alleged inequality in bargaining power, the alleged adhesion of the Lease, and the alleged "buried" waiver provision, to be unpersuasive. The Court finds nothing in this case warrants a different outcome. After a review of the case as it is before the Court, there is no indication that Toolen's consent was uninformed or involuntary.

Toolen's consent was not involuntary simply because the provision was part of a standard form contract or contained boilerplate language. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1372 (11th Cir. 2005) (no heightened "knowing and voluntary" standard applied, even where the covered claims include federal statutory claims generally involving a jury trial right); *N. Feldman & Son, Ltd. v. Checker Motors Corp.*, 572 F.Supp. 310, 313 (S.D.N.Y. 1893); *Leasing Serv. Corp. v. Crane,* 804 F.2d 828, 833 (4th Cir. 1986). Moreover, the waiver provision of paragraph 27 was just as visible and in the same size font as every other provision of the contract. No evidence is presented of any extreme bargaining disadvantage or that Toolen, a licensed cosmetologist, could not have simply walked away if she found the Lease terms

unacceptable. Indeed, Toolen's responses to interrogatories show that she reviewed the Lease with manager Jill DeBoy during an initial visit. Her responses to interrogatories also show that she "discussed her options" with her mother and did not sign the Lease until she moved in. Thus, there was a period of time for careful consideration.

In *National Equipment Rental Ltd.*, the Court of Appeals described a contract of adhesion as one in which "it is clear that [the offeree] did not have any choice but to accept the [offeror's] contract as written." *National Equipment Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir. 1977). According to the Court of Appeals, it is this kind of "gross inequality in bargaining power" which would render a jury trial waiver neither knowing nor voluntary. *Id*. Toolen has failed to allege facts suggesting the existence of such a relationship between the parties.

**Cause of Action Relating to the Lease**

Toolen asserts that because this is not a breach of contract action, but rather is a fair housing action, this case does not arise between the Landlord and Resident concerning the Lease. Toolen cites two cases for the proposition that any contractual provision that effectively waives a party's right to a jury trial is to be strictly and narrowly construed, and every reasonable presumption should be made against waiver. *See Rodenbur v. Kaufmann* , 320 F.2d 679 (D.C. Cir. 1963)[1] and *National Acceptance Co.*

---

[1] In *Rodenbur*, the court held that a lease agreement with a waiver provision similar to the one in this case, did not waive a jury trial in an action by the tenant for personal injuries received when she fell in a common passageway of the apartment building. The court noted that the case did not involve terms or conditions of the lease, covenants, right to rent or possession, or any other such interest. Thus, the

*v. Myca Products Inc.*, 381 F. Supp. 269 (W.D. Pa. 1974).[2] Toolen does not apply these cases to her case or provide any further analysis.

In the related area of agreements providing for arbitration, courts have interpreted broadly a contract's provision for resolving disputes "arising out of or relating to" the underlying contract. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 624 n.13 (1985) ("arising out of or relating to" is a "broad clause" applicable to antitrust claims); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398 (1967) ("arising out of or relating to" is a "broad" arbitration clause); *Genesco v. T. Kakiuchi & Co., Ltd*., 815 F.2d 840, 855 (2d Cir. 1987) (language "sufficiently broad" to encompass fraudulent inducement claim).

Also in the context of enforcing arbitration clauses, the Eleventh Circuit Court of Appeal has carefully addressed the question of when a dispute is related to the subject matter of the contract. In a case concerning the arbitrability of a tort claim alleged to be related to a contract containing an arbitration clause, the Court in *Telecom Italia, SpA v. Wholesale Telecom Corp*., 248 F.3d 1109, 1113-16 (11th Cir. 2001), stated that the scope of language that purports to "concern this contract" is found by

---

appellate court held the trial court had erred in striking the lessee's demand for a jury trial.

[2] In *National Acceptance*, the district court in Pennsylvania found that a provision in a loan and security agreement wherein borrower and lender irrevocably waived right to trial by jury with respect to any action in which lender and borrower were parties, did not constitute an effective waiver by contract of borrower's right to trial by jury on a claim for breach of oral agreement entered into some two years and nine months prior to execution of the loan and security agreement.

> focusing on whether the tort or breach in question was an immediate, foreseeable result of the performance of contractual duties. Disputes that are not related-with at least some directness-to performance of duties specified by the contract do not count as disputes "arising out of" the contract, and are not covered by the standard arbitration clause. . . However, where the dispute occurs as a fairly direct result of the performance of contractual duties . . . then the dispute can fairly be said to arise out of or relate to the contract in question, and arbitration is required.

*Id.* at 1116. *See Eleventh Circuit Creates a Causation Test For Establishing Whether a Dispute "Arises Out of" or is "Related to" a Contract Containing an Arbitration*, 12 World Arb. & Mediation Rep. 262 (October, 2001); *see also Tracer Research Corp. v. Nat'l Environmental Services Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994) (arbitration clause covering "any controversy or claim arising out of this Agreement" refers only to disputes "relating to the interpretation and performance of the contract itself"; tort claim for misappropriation of trade secrets not arbitrable).

In the present case, Toolens' complaint raises one count for Violation of the Federal and Florida Fair Housing Acts. DE 133 at 31. In this Count, Toolen alleges that Defendants discriminated against her on the basis of familial status because of the occupancy limits as implemented by the Defendants. Toolen asserts that this claim does not "concern the contract" because it is not a breach of contract claim. As noted in the Court's March 31, 2006 Order in *Head*, "[t]he occupancy standards are alleged to form an essential part of the rights and limitations to which the parties agreed, and the present dispute which will determine the enforceability of the occupancy standards, will determine whether these standards are enforceable. Therefore, this dispute can fairly be said to arise out of or relate to the parties' agreement." Case No. 05-80280-Civ-Marra, DE 22 at 9. Unlike the situation in *Rodenbur*, challenging the occupancy

standards set by Defendants does involve terms or conditions of the lease, covenants, and right to rent or possession. Therefore, this dispute can fairly be said to arise out of or relate to the Lease.

**Conclusion**

For all the foregoing reasons, Toolen's waiver of jury trial must be enforced. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Strike Toolen's Jury Trial Demand [DE 127] is **GRANTED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of March, 2007.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record