UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60033-CIV-MARRA/JOHNSON

TERRI MILSAP, et al.,

    Plaintiffs,
vs.

CORNERSTONE RESIDENTIAL
MANAGEMENT, INC., et al.,

    Defendants,

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel Discovery (D.E. # 340). For the following reasons said Motion is granted in part and denied in part in accordance with the terms of this Order.

In this case Plaintiffs are seeking injunctive relief as to all of the Defendants and all of the developments in Miami-Dade and Broward counties. The injunctive relief requested specifically relates to the setting of occupancy limitations in conformance with the U.S. H.U.D. regulations. According to Plaintiffs, the Defendants discriminate against families with children in Miami-Dade and Broward

1

counties by their property-specific, written occupancy policies, which in some cases do not allow at least two persons per bedroom. Plaintiffs had previously named 48 apartment communities in the operative Complaint.  The District Court, however, dismissed Plaintiffs' claims regarding the apartment complexes outside of South Florida, thereby limiting the instant case to occupancy standards at 26 South Florida apartment complexes.  By the instant Motion Plaintiffs seek better responses to certain Interrogatories and Production Requests served July 3, 2008.

Federal Rules of Civil Procedure, 33 and 34, allow any party to serve on any other party written interrogatories and requests to produce, inspect and copy, test or sample any documents or tangible things which constitute or contain matters within the scope of Federal Rule Civil Procedure 26(b).  The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." Id.; Hickman v. Taylor, 329 U.S. 495, 507-508 (1947). See also Farnsworth v. Proctor and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979).  Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." Parsons v. General Motors Corp., 85 F.R.D. 724 (N.D. Ga. 1981). See also Hickman, 329 U.S. at 501.  Thus, under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could

2

lead to another matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978).

Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." Id. at 352. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Hunters Ridge Golf Co. v. Georgia-Pacific Corp., 233 F.R.D. 678 (M.D. Fla. 2006); Dunbar v. United States, 502 F.2d 206 (5th Cir. 1974). In ruling on motions to compel, "[t]he onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome." Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000).

*Interrogatory No. 11*

Interrogatory No. 11 asks Defendants to "state the proposed occupancy limitations for number of persons allowed per unit" for certain of Defendants' "proposed developments." Defendants object on several grounds, then, in their Response in Opposition, note their objections are in fact moot in that "as these 'proposed' developments do not exist ... they do not have occupancy standards (proposed or actual)."[1] This answer is sufficient, making the Motion to Compel as it relates to Interrogatory No. 11 moot. Accordingly, Plaintiffs' Motion as it relates to

---

[1] Def. Resp. In Opp., p.6.

3

Interrogatory No. 11 is denied as moot.

*Production Requests Nos. 1-7*

These Requests seek various documents regarding training materials relating to the Fair Housing Act and correspondence between Defendants' corporate representatives and public agencies. Defendants object on grounds of irrelevance, vagueness, overbreadth, and burdensomeness. This Court has carefully reviewed the pleadings of record, the Requests in question, and the applicable case law, and finds the Requests directly relevant to the claims and defenses raised and in no way overly burdensome or vague. To the extent the Requests, as framed, may be overly broad, the undersigned shall rewrite the Requests in a narrower fashion accordingly.

To begin with, the Court agrees that to the extent any of the subject Requests seek anything having to do with the "Fair Housing Act," such Requests are overly broad. As Defendants correctly observe, the operative Complaint in this case only addresses the issue of occupancy limitations on the number of residents per apartment unit, familial status, or race, at certain South Florida apartment complexes. Accordingly, the undersigned hereby limits the information sought to training materials relating to occupancy limitations, familial status or race under the Fair Housing Act. Also overly broad is the time frame of such Requests, from 2001 to the present. Instead, the Court limits the time frame for materials sought to five (5) years prior to the institution of these proceedings. Finally, the Court limits Request

4

No. 2 to "any and all documents received from Grace Hill, Inc. relating to the issue of occupancy limitations on the number of residents per apartment unit, familial status, or race under the Fair Housing Act."

In all other respects the subject Requests are unobjectionable. Courts routinely allow discovery of EEOC or anti-discrimination training in employment cases, especially where, as here, such training is relevant to claims or defenses. See Perdue v. C.Hager & Sons Hinge Mfg., Co., 2005 WL 5981343 (M.D. Ala. 2005). Fair Housing Act cases contain the same themes and prohibitions as Title VII employment discrimination cases, making these cases applicable here. Defendants' relevancy objection is therefore rejected.

Also rejected is Defendants' objection to the Nationwide discovery Plaintiffs are seeking. As a preliminary matter, Courts routinely reject claims of unduly burdensome objections without some showing of a burden, by affidavit or other evidence. See,e.g., Calderon v. Reederei Claus-Peter Offen GmbH & Co., 2008 WL 4194810 (S.D. Fla. 2008); ABM Fin. Servs. V. Express Consolidation, Inc., 2008 WL 1776595 (S.D. Fla. 2008); Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000)( "The onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome.") Here, Defendants have simply not satisfied their burden.

Furthermore, for purposes of discovery, Plaintiffs have demonstrated sufficient evidence that the decisions regarding training and rental standards were not made

locally, but were instead centralized in Cornerstone Residential Management Officer, Nola Castillo.  Evidence also tends to support, for discovery purposes, Plaintiffs' position that the various developments treated occupancy limitations differently depending on their location. Under these circumstances, statewide discovery is appropriate. See Adkins v. Christie, 488 F.3d 1324, 1330-31 (11th Cir. 2007)(reversing the trial court because it limited discovery to one unit of a hospital when the issue involved hospital wide rules).

Also rejected is Defendants' objection relating to the properties dismissed from this case.   The employer in this case is Cornerstone Residential Management. According to Plaintiffs, Cornerstone Residential Management's Corporate Office is located in Coral Gables, Florida, and houses all of the company files for all of its entities, active and inactive, or the Defendants otherwise have access to all the materials sought in these Requests. Defendants' concern that it does not have access to some of the requested documents, such as old workbooks, etc., is a non-issue, as a party only has an obligation to produce those responsive documents in his possession, care, custody or control (defined as the legal right to obtain the documents requested upon demand). Searock v. Stripling, 736 F.2d 650, 653-654 (11th Cir. 1984).  In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Discovery (D.E. # 340) is **GRANTED** in accordance with the terms hereof. Defendants are hereby ordered to respond to the subject discovery within ten (10) days from the

date hereof.

**DONE AND ORDERED** this 17th day of December, 2008, in Chambers, at West Palm Beach, Florida.

　　　　　　　　　　　　　　　　　　　*Linnea R. Johnson*
　　　　　　　　　　　　　　　　　　　LINNEA R. JOHNSON
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

CC:　The Honorable Kenneth A. Marra
　　　All Counsel of Record