## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 05-60033-CIV-MARRA/JOHNSON

TERRI MILSAP, et al.,

     Plaintiffs,

vs.

CORNERSTONE RESIDENTIAL
MANAGEMENT, INC., et al.,

     Defendants,

_____/

### OMNIBUS ORDER

**THIS CAUSE** is before the Court on: Defendants' Motion to Compel

Production of Documents (D.E. # 353); and, Defendants' Motion for Protective Order

to Preclude Plaintiffs from Taking Depositions over the Limit Imposed by the Federal

Rules of Civil Procedure (D.E. #376).

In this case Plaintiffs are seeking injunctive relief as to all of the Defendants

and all of the Defendant-owned developments (approximately 26 developments) in

Miami-Dade and Broward counties. The injunctive relief requested specifically

relates to the setting of occupancy limitations in conformance with the U.S. H.U.D.

regulations.  According to Plaintiffs, the Defendants discriminate against families with

children in Miami-Dade and Broward counties by their property-specific, written

occupancy policies, which in some cases do not allow at least two persons per

1

bedroom. Plaintiffs had previously named 48 apartment communities in the operative Complaint.  The District Court, however, dismissed Plaintiffs' claims regarding the apartment complexes outside of South Florida, thereby limiting the instant case to occupancy standards at approximately 26 South Florida apartment complexes.

### MOTION TO COMPEL (D.E. #353)

By the instant Motion, Defendants seek better responses to certain Production Requests served July 28, 2008.  Federal Rule of Civil Procedure, 34, allows any party to serve on any other party requests to produce, inspect and copy, test or sample any documents or tangible things which constitute or contain matters within the scope of Federal Rule Civil Procedure 26(b).  The scope of discovery under Rule 26(b) is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." Id.; Hickman v. Taylor, 329 U.S. 495, 507-508 (1947). See also Farnsworth v. Proctor and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979).  Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." Parsons v. General Motors Corp., 85 F.R.D. 724 (N.D. Ga. 1981). See also Hickman, 329 U.S. at 501.  Thus, under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case."

2

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978).

Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." Id. at 352. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Hunters Ridge Golf Co. v. Georgia-Pacific Corp., 233 F.R.D. 678 (M.D. Fla. 2006); Dunbar v. United States, 502 F.2d 206 (5th Cir. 1974). In ruling on motions to compel, "[t]he onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome." Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000).

## REQUESTS RE PLAINTIFF'S COMMUNICATIONS WITH GOVERNMENT ENTITIES (REQUESTS NOS. 1-3, 5, 8-11, 76-79)

Generally, these Requests seek documents concerning Plaintiffs' communications with governmental entities concerning this case and/or these Defendants. Plaintiffs raise objections on the basis of relevancy, attorney-client and attorney work product. Each of these objections is rejected.

Clearly the documents requested are relevant to these proceedings in that they will shed light on the issues concerning alleged discrimination by Defendants, Plaintiffs' alleged injuries, and the occupancy standards applicable in South Florida. Indeed, the notion the documents Defendants are seeking are not relevant is

ludicrous given the fact the only reason Plaintiffs would be communicating with government agencies regarding Defendants is with respect to Fair Housing Act claims and Defendants' application of occupancy standards.

As Defendants correctly observe, Plaintiffs fail to delineate precisely their attorney-client and work product privilege concerns. It appears from the cases cited and the arguments made that the Plaintiffs are claiming joint attorney-client and work product privileges with government agencies.  The general rule, however, is that voluntary disclosures to a government agency are not privileged. D'Ippolito v. Cities Service Co., 39 F.R.D. 610 (S.D. N.Y. 1965).  Even the cases cited by Plaintiffs reveal that whether the communications enjoy protection on the basis of privilege will depend on whether the communications were made with a guaranty of confidentiality. Wrisco Indus., Inc. v. Hinely, 733 F.Supp. 106, 108 (N.D. Ga. 1990). It is manifest that in this case Plaintiffs do not and did not have such a guaranty of confidentiality as the documents exchanged were exchanged through public records requests. Accordingly, Plaintiffs' objections to these Requests are rejected, and Plaintiffs are ordered to provide responses to the subject Requests within ten (10) days from the date hereof.

### *REQUESTS CONCERNING H.O.P.E.'S EDUCATIONAL PROGRAMS (REQUESTS NOS. 44-46)*

Defendants' Motion in this regard is granted. This Court has carefully reviewed the pleadings of record, the Requests in question, and the applicable case law, and

finds the Requests directly relevant to the claims and defenses raised and in no way overly broad or burdensome.  Contrary to Plaintiffs' assertion the Requests do not ask for "every document H.O.P.E has ever produced in its history since 1988." Pltf's Resp., p.5. Instead the subject Requests directly concern and reference Plaintiffs' allegations in Paragraph 93 of the Fourth Amended Complaint and are limited in time period to January 1, 2001 to the present and not 1988 forward, as Plaintiffs claim. Plaintiffs are ordered to provide a response to the subject Requests within ten (10) days from the date hereof.

### *REQUESTS CONCERNING H.O.P.E.'S ALLEGED INJURIES (REQUESTS NOS.50-52)*

Plaintiffs claim "Documents responsive to this requests have been produced," making the Motion to Compel in this regard moot. Pltf's Resp., p.6.  To the extent such documents have not been produced, Plaintiffs are ordered to provide full and complete responses to Requests Nos. 50-52 within ten (10) days from the date hereof.

### REQUESTS CONCERNING H.O.P.E.'S MATERIALS AND STATEMENTS CONCERNING THE FAIR HOUSING ISSUES RAISED IN THE COMPLAINT (REQUESTS NOS. 61-62, 69, AND 75)

Once again Plaintiffs objections to these Requests are baseless and Defendants' Motion in this regard is granted. Plaintiffs' contention that the Requests seek "many of the documents produced by H.O.P.E. over the last twenty years," Pltf's Resp., p. 6, is unfounded as Defendants have made clear in the instructions

area of their Request that "unless otherwise directed, the relevant time period for each request is January 1, 2001 to the present." Reqst., p.3. Also without merit is Plaintiffs' claim that the documents sought are irrelevant. As Defendants correctly observe, documents prepared by H.O.P.E., a party to this case, concerning the primary issue in this case, occupancy standards or familial status discrimination, could not be any more relevant. Plaintiffs are ordered to provide full and complete production of the documents subject to these Requests within ten (10) days from the date hereof.

### REQUESTS CONCERNING THE COMMUNICATIONS BETWEEN THE INDIVIDUAL PLAINTIFFS AND H.O.P.E. (REQUESTS NOS. 65-68)

Plaintiffs object to these Requests arguing the documents sought are subject to claims of privilege based on the attorney-client privilege and the work product doctrine. Plaintiffs' objections on the basis of the attorney-client privilege are rejected. The attorney-client privilege protects confidential communications between a lawyer and his client for the purpose of obtaining legal advice. Fisher v. United States, 425 U.S. 391, 403 (1976); U.S. v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir.), cert. denied, 112 S.Ct. 640 (1991); In re Grand Jury Subpoena (Bierman), 788 F.2d 1511, 1512 (11th Cir. 1986). The burden is on the party invoking the privilege to establish the existence of an attorney-client relationship and the confidential nature of the information sought. In re Grand Jury Subpoena (Bierman), 788 F.2d at 1511-1512; In re Grand Jury Proceedings, 73 F.R.D. 647,

6

651 (N.D. Fla. 1977). Importantly, a communication is not automatically privileged simply because it was conveyed to, by, or in the presence of, an attorney. <u>Motley v. Marathon Oil Co.</u>, 71 F.3d 1547, 1550-51 (10th Cir. 1995); <u>United States v. Lockheed Martin Corp.</u>, 995 F.Supp. 1460, 1464 (M.D. Fla. 1998). To fall within the zone of protection it is not sufficient that a communication simply involve some legal elements; rather, the matter must "primarily" concern a legal service. <u>United States v. Noriega</u>, 917 F.2d 1543, 1550 (11th Cir. 1990). Thus, business advice, as opposed to legal advice, is not protected by the attorney-client privilege. <u>United States v. Davis</u>, 636 F.2d 1028, 1044 (5th Cir. 1981); <u>Ray v. Cutter Lab., Div. Of Miles, Inc.</u>, 746 F.Supp. 86 (M.D. Fla. 1990).

As Defendants correctly observe, the mere fact a business person has a law degree does not make any communication with that person subject to a valid claim of attorney/client privilege. It is clear from the privilege log provided that the communications in question were made by individuals who appeared at H.O.P.E.'s office to air their complaints about their housing situation to an agency they thought was concerned about their plight, would investigate their concerns and, upon concluding their concerns were valid, would refer them to an attorney or other organization to address their concerns. As H.O.P.E. is not a law firm, these individuals did not appear at H.O.P.E.'s offices believing they would be consulting with an attorney for purposes of obtaining legal advice. Under these circumstances the attorney-client privilege is not implicated.

As for Plaintiffs' work product objections, certainly as to the document identified in the privilege log as being authored by Plaintiff Terri Milsap, this document is not protected. The Court finds the remaining three documents withheld on work product grounds also not privileged, in that they were not created in anticipation of litigation. The work product doctrine protects from disclosure documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's attorney acting for his client. Fed. R. Civ. P. 26(b)(3);[1] In re Grand Jury Proceedings, 601 F.2d 162, 171 (5th Cir. 1979). The doctrine applies only to documents a party has assembled and not to facts learned from those documents. Hickman, 329 U.S. 495; United States v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 697 (S.D. Fla. 1990)(citing in re Alexander Grant & Co. Litigation, 110 F.R.D. 545, 548 (S.D. Fla. 1986)). Accord Smith v. Insurance Co. of No. America, 30 F.R.D. 534, 538 (M.D. Tenn. 1962); Cedolia v. C.S. Hill Saw Mills, inc., 41 F.R.D. 524, 527 (M.D. N.C. 1967).

In accordance with the doctrine's purpose -- to safeguard the fruits of an attorney's trial preparation materials from discovery by the opposing party -- protection is not afforded to documents prepared in the ordinary course of business. See FDIC v. Cherry, Bekaert & Holland, 131 F.R.D. 596, 600, 605 (M.D. Fla. 1990). Rather to obtain work product protection, the documents must have been prepared

---

[1] [1]/ Rule 26(b)(3) was adopted in 1970 to codify the holding in Hickman v. Taylor, 329 U.S. 495 (1947).

in anticipation of some likely litigation or as integral preparation for trial. <u>Kent Corp.</u> <u>v. NLRB</u>, 530 F.2d 612 (5th Cir. 1976), <u>cert</u>. <u>denied</u>, 429 U.S. 920 (1976). <u>In re</u> <u>Grand Jury Proceedings</u>, 73 F.R.D. 647, 652 (M.D. Fla. 1977). Documents are prepared in anticipation of litigation, and consequently protected by the work product doctrine, if "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 Fed'l Practice and Procedure, §2024, at 343 (1994). When there is a true, independent purpose for creating a document, work product protection is less likely. <u>Id</u>.; <u>see</u> <u>e.g.</u>, <u>Place St. Michael, Inc. V. Travelers Property</u> <u>Cas. Co. of America</u>, 2007 WL 1059561 (S.D. Fla. 2007)(reports prepared by an insurance adjuster concerning damage to a hotel caused by Hurricane Wilma do not constitute work product and must be produced because said reports were prepared in the ordinary course of business); <u>Savoie v. American Security Insurance Co.</u>, 2006 WL 1737189 (N.D. Fla. 2006)(holding that the evaluation policyholder's claims is the regular, ordinary and principal business of the insurance company, and therefore the adjuster's reports were not protected by the work product doctrine); <u>St.</u> <u>Joe Company v. Liberty Mut. Ins. Co.</u>, 2007 WL 141282, *4 (M.D. Fla. 2007)("It is presumed that a document or thing prepared before a final decision was reached on an insured's claim, and which constitutes part of a factual inquiry into or evaluation of that claim, was prepared in the ordinary and routine course of the insurer's

9

business of claim determination and is not work product.")(quoting Harper v. Auto

Ins. Co., 138 F.R.D. 655, 663 (S.D. Ind. 1991); Developers Surety and Indemnity Co.

v. Harding Village, Ltd., 2007 WL 2021939 (S.D. Fla. 2007).

   In accordance with the foregoing, the Court concludes that the documents

responsive to Requests Nos. 65 - 68, other than those truly privileged documents

which the Dietz law firm or another law firm prepared or was copied on, are not

subject to a valid claim of privilege and must be produced within ten (10) days from

the date hereof.

REQUESTS CONCERNING H.O.P.E.'s
DOCUMENTS REGARDING DEFENDANTS
(REQUESTS NOS. 73-74, 81-82)

   Defendants' Motion in this regard is granted. This Court has carefully reviewed

the pleadings of record, the Requests in question, and the applicable case law, and

finds the Requests directly relevant to the claims and defenses raised and in no way

vague, overly broad or unduly burdensome as claimed.  The Requests could not be

any clearer, refuting Plaintiffs' claim that they are vague. As the Requests are limited

in scope to Plaintiffs' communications which refer to Defendants, they are not in any

way overly broad. Nor can Plaintiffs' unduly burdensomeness claim withstand

scrutiny. Courts routinely reject claims of unduly  burdensome objections without

some showing of a burden, by affidavit or other evidence. See,e.g., Calderon v.

Reederei Claus-Peter Offen GmbH & Co., 2008 WL 4194810 (S.D. Fla. 2008); ABM

10

<u>Fin. Servs. V. Express Consolidation, Inc</u>., 2008 WL 1776595  (S.D. Fla. 2008);

<u>Rossbach v. Rundle</u>, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000)( "The onus is on

the party resisting discovery to demonstrate specifically how the objected-to request

is unreasonable or otherwise unduly burdensome.") Here, Defendants have simply

not satisfied their burden.

Finally, contrary to Plaintiffs' assertion, the Requests do not ask for

"correspondence to and from counsel," but specifically exclude from the request, any

privileged documents.  Plaintiffs are ordered to provide a response to the subject

Requests within ten (10) days from the date hereof.

<u>REQUESTS CONCERNING POSITIONS THAT H.O.P.E.<br>
HAS TAKEN CONCERNING THE FAIR HOUSING ISSUES<br>
WHICH ARE THE SUBJECT OF THIS ACTION<br>
(REQUESTS NOS. 70-71)</u>

Defendants' Motion in this regard is granted. This Court has carefully

reviewed the pleadings of record, the Requests in question, and the applicable case

law, and finds the Requests directly relevant to the claims and defenses raised and

in no way overly broad as claimed. As Defendants correctly observe, one of the

primary issues in this case is the applicable occupancy standards in South Florida.

Clearly then, Defendants are entitled to discovery on the positions that H.O.P.E. has

taken regarding other housing providers like Defendants herein that have been

accused regarding their occupancy practices.

11

<u>DOCUMENTS CONCERNING DEFENDANTS' FORMER ATTORNEY</u>
<u>(REQUEST NO. 4)</u>

Defendants' Motion in this regard is denied. Based on the representations made in Plaintiffs' Response the Court concludes that Plaintiffs' conversations with Mr. Relman were only had before he made Plaintiffs aware of the conflict of interest. As such, these conversations would be privileged. Nonetheless, Plaintiffs are still required to produce a privilege log, which the undersigned orders be produced to Plaintiffs within ten (10) days from the date hereof.

## MOTION FOR PROTECTIVE ORDER (D.E.. #376)

By this Motion Defendants seek a protective order precluding Plaintiffs from going over the 10 deposition limit Defendants claim applies in this instance. As Plaintiffs correctly observe, the Rule is ten depositions per side, and since there are two plaintiffs in this case, Plaintiffs are entitled to a total of twenty depositions without court order. Fed. R. Civ. P. 30(a)(2).  The Court notes there are several parties in this case involving 26 developments. Under these circumstances, it is understandable that additional depositions over the limit permitted by the Rule may be needed. Should Plaintiffs feel additional depositions are needed over the twenty they are permitted, they are instructed to file a motion in that regard. For now, Plaintiffs are limited to the twenty depositions provided by Rule 30(a)(2) and Defendants Motion for Protective Order is denied.    In accordance with the above and foregoing, it is hereby

12

**ORDERED AND ADJUDGED** as follows:

(1)   Defendants' Motion to Compel Production of Documents (D.E. # 353) is **GRANTED IN PART AND DENIED IN PART** in accordance with the terms hereof. Unless otherwise directed, Plaintiffs are hereby ordered to respond to the Requests subject to this Order within ten (10) days from the date hereof; and

(2)   Defendants' Motion for Protective Order to Preclude Plaintiffs from Taking Depositions over the Limit Imposed by the Federal Rules of Civil Procedure (D.E. #376) is **DENIED** in accordance with the terms hereof.

**DONE AND ORDERED** this 3rd day of April, 2009, in Chambers, at West Palm Beach, Florida.

_Linnea Johnson_
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE


CC:   The Honorable Kenneth A. Marra
      All Counsel of Record

13