IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60033-CIV-MARRA/JOHNSON

TERRI MILSAP, et al.,

        Plaintiffs,

vs.

CORNERSTONE RESIDENTIAL
MANAGEMENT, INC., et al.,

        Defendants.
_____/

**DEFENDANTS' OBJECTIONS TO PORTION OF MAGISTRATE JUDGE'S OMNIBUS ORDER WHICH DENIED DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants, Cornerstone Residential Management, Inc. *et al.*, by their attorneys and pursuant to Fed. R. Civ. P. 72(a) and S.D. Fla. Magistrate Judge Rule (4)(a)(1), submit the following objections to a portion of Magistrate Judge Johnson's Omnibus Order dated April 3, 2009 (D.E. 384) denying Defendants' Motion for Protective Order to Preclude Plaintiffs from Taking Depositions Over the Limit Imposed by the Federal Rules of Civil Procedure ("Motion for Protective Order") (D.E. 376).

## Introduction

The Plaintiffs in this case have suggested that they intend to take 25 to 30 depositions in this case, which is far in excess of the 10 depositions per side allowed by Rule 30. At the time that Plaintiffs noticed a slew of depositions which put the number of Plaintiffs' depositions at 19, Defendants filed the Motion for Protective Order. There was no stipulation between the parties that either side may take more than ten depositions, and Plaintiffs never obtained leave of court to exceed

the deposition limit. Accordingly, Defendants filed their Motion for Protective Order on the basis that Rule 30 imposes a 10-deposition limit on each *side*.

On April 3, 2009, Magistrate Judge Johnson entered an Omnibus Order denying Defendants' Motion for Protective Order. Magistrate Judge Johnson ruled that Plaintiffs "are entitled to a total of twenty depositions without court order" because "there are two plaintiffs in this case." (*See* D.E. 384 at 12.) Apparently, following an argument posited by Plaintiffs, Magistrate Judge Johnson misinterpreted Rule 30 as allowing ten depositions *per party*.[1] Because Magistrate Judge Johnson misapplied Rule 30, Defendants object to the portion of the April 3, 2009, Omnibus Order denying the Motion for Protective Order and request that that portion of the Order be reversed.

### Argument

Under Rule 72(a), a party may object to the ruling of a magistrate judge within 10 days from the service of the order. Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). The district court reviews the magistrate judge's order for clear error. *See Domingues v. Metro Miami-Dade County*, 359 F. Supp. 2d 1323, 1331 (S.D. Fla. 2004) (noting that, in considering objections to a magistrate judge's order, the court must decide whether, "on the entire evidence, [it] is left with the definite and firm conviction that a mistake has been committed" (citations omitted)). Because Magistrate Judge Johnson misapplied Rule 30 in denying Defendants' Motion for Protective Order, the Order is clearly erroneous and should be reversed.

---

[1] Magistrate Judge Johnson stated, "[a]s Plaintiffs correctly observe, the Rule is ten depositions *per side* . . . ." (D.E. 384 at 12). In fact, Plaintiffs argued that Rule 30 allowed ten depositions per party, and Magistrate Judge Johnson's ruling reflects that a 10-deposition-per-party standard was applied.

Rule 30(a)(2) states:

> A party *must* obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in *more than 10 depositions being taken* under this rule or Rule 31 *by the plaintiffs*, or by the defendants, or by the third-party defendants.

Fed. R. Civ. P. 30(a)(2) (emphasis added). The phrase "by the plaintiffs" (plural) is clear in and of itself that Rule 30 imposes a 10-deposition limit on each *side* (*i.e.*, plaintiffs collectively get 10 and defendants collectively get 10).[2]

The Advisory Committee Notes to Rule 30 state the reason for the 10-deposition limit subsection:

> It provides a limit on the number of depositions the parties may take, absent leave of court or stipulation with the other parties. One aim of this revision is to assure judicial review under the standards stated in Rule 26(b)(2) before *any side* will be allowed to take more than ten depositions in a case without agreement of the other parties. A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case.
> . . .
> In multi-party cases, the *parties on any side* are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of court.
> . . .

Fed. R. Civ. P. 30 Advisory Committee Notes, 1993 Amendment (emphasis added). Thus, the rule is clear and the Committee Notes are clear that each side on a case must collectively determine whom it wishes to depose within the 10-deposition limit.

Besides the clear language in Rule 30, commentators interpreting the rule have also noted that the limitation applies to each side. See 7 Moore's Federal Practice 3d, § 30.05[1][b] ("The

---

[2] Under Plaintiffs' incorrect reading of Rule 30, each of the thirty defendants would be entitled to 10 depositions, for a total of 300 depositions.

3

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

presumptive limit of 10 depositions applies to each 'side' or 'position' in litigation and not to each party"); 10A Fed. Proc., L. Ed. § 26:402 (stating that the requirement for a party to obtain leave of court before exceeding 10 depositions is to assure judicial review of unreasonable or cumulative discovery "before *any side* will be allowed to take more than 10 depositions in a case . . . " under the "*10-per-side limit*") (emphasis added).

While it is unclear why Magistrate Judge Johnson deemed that there are two Plaintiffs in this case (since there are five Plaintiffs in this case), her interpretation of Rule 30 could lead to an argument by Plaintiffs that they could have 50 depositions. Likewise, her interpretation would permit Defendants in this case to take *300* depositions. These extremes amply demonstrate that her ruling is clearly and completely contrary to the law.

### Conclusion

For the foregoing reasons, Defendants respectfully request that this Court reverse the portion of Magistrate Judge Johnson's April 3, 2009, Order which permits Plaintiffs to take 20 depositions in this case.

TEW CARDENAS LLP
Co-Counsel for Defendants
Cornerstone Residential Management
   Inc. et al.
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131-3407
Telephone: (305) 536-1112
Fax: (305) 536-1116

By: <u>Bryan T. West</u>
   Joseph L. Rebak, P.A.
   Florida Bar No. 308668
   E-mail: jlr@tewlaw.com
   Bryan T. West
   Florida Bar No. 0083526
   E-Mail btw@tewlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 20th day of April, 2009 on all counsel on the attached service list through filing this document on the CM/ECF system.

<u>Bryan T. West</u>
Bryan T. West

## SERVICE LIST
### CASE NO. 05-60033-CIV-MARRA/JOHNSON

Leslie Langbein
Langbein & Langbein, P.A.
E-Mail: langbeinpa@bellsouth.net
8181 N.W. 154th Street, Suite 105
Miami Lakes, Florida 33016
Telephone: (305) 556-3663
Fax:         (305) 556-3647
*Attorneys for Defendants*

Matthew W. Dietz, Esq.
E-Mail: Matthewdietz@usdisabilitylaw.com
Law Offices of Matthew Dietz, P.L.
2990 S.W. 35th Avenue
Miami, Florida, 33133
Tel: (305) 669-2822
Fax: (305) 442-4181
*Attorney for Plaintiffs*

Joseph L. Rebak, P.A.
E-mail: jlr@tewlaw.com
Bryan T. West
E-mail: btw@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131-3407
Telephone:    (305) 536-1112
Fax:          (305) 536-1116
*Attorneys for Defendants*

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112